Randall G. Nelson
NELSON LAW FIRM, P.C.
2619 St. Johns Avenue, Suite E
Billings, MT  59102
(406) 867-7000
(406) 867-0252 Fax
rgnelson@nelsonlawmontana.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AD ADVERTISING DESIGN, INC., d/b/a AD CREATIVE,<br><br>Plaintiff,<br><br>vs.<br><br>SENTINEL INSURANCE COMPANY, LIMITED,<br><br>Defendant. | Cause No. CV-17-140-BLG-TJC<br><br>**AMENDED COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff, AD Advertising Design, Inc., d/b/a AD Creative, by and through its attorneys, Nelson Law Firm, P.C., respectfully submits its Amended Complaint for Declaratory Relief.

1.	AD Advertising Design, Inc., d/b/a AD Creative ("AD") is a Montana corporation duly authorized and existing under the laws of the state of Montana,

with its principal place of business in Billings, Yellowstone County, Montana.

2.	Sentinel Insurance Company, Limited ("Sentinel") upon information and belief is a subsidiary company of The Hartford, with its principal place of business located at One Hartford Plaza, Hartford, Connecticut, and authorized to conduct the business of insurance in Montana.

3.	Sentinel issued to AD insurance Policy No. 41 SBA FV3465 SC "the Policy" valid for the period 2/15/16 to 2/15/17.  The total premium for the policy was $2,137.  A true and accurate copy of the Policy is attached hereto and incorporated by reference herein as Exhibit A.

4.	The Policy describes the type of property coverage as "SPECIAL."

5.	Through no conduct or fault of its own, AD was the victim of four separate forgery events that culminated in the theft of, and an aggregate loss to AD in the amount of $115,595.  As a sum certain, Sentinel is obligated to pay prejudgment interest on its failure to pay the amount, less deductible.

6.	AD was the victim of an online criminal act of hacking its president's email account.  These hacker(s) impersonated the president and forged instructions to AD's office staff to request immediate ACH payments from its bank account.  These forged instructions occurred on September 15th, September 22nd, September 29th, and October 6th, 2016, during the Policy period.  These events were reported

to the police, and cannot be reasonably questioned as facts.

7.  On the aforementioned respective dates, the loss amounts were $31,832; $24,375; $28,746, $30,642.

8.  The Policy provides coverage for theft and forgery. The granting language of the Policy applies, and the Policy does not contain a clear and unambiguous exclusion of the aforementioned losses. Sentinel's obligation to pay the losses less the deductible is clear.

9.  On October 14, 2016, Sentinel denied AD's claim for the losses. Sentinel's denial is wrong and without legal basis in the Policy and under the law.

10. AD has been forced to secure the services of an attorney to obtain the benefit due under the Policy. AD is entitled to reasonable attorney fees and costs, and prejudgment interest.

11. Sentinel is obligated to AD for payment under its Computer Fraud Coverage in the Policy.

WHEREFORE, AD prays for judgment as follows:

1.  For a declaration that the Policy provides coverage for the four forgery occurrences described herein.

2.  For judgment that Sentinel is obligated under the policy to pay benefits according to the terms and conditions of the policy, less applicable

deductibles.

3. For reasonable attorneys fee and costs

4. For prejudgment interest due from a clear obligation to pay a sum certain.

5. For such other and further relief as the Court deems just and proper under the circumstances.

DATED this 28th day of December, 2017.

/s/ Randall G. Nelson
Randall G. Nelson
NELSON LAW FIRM, P.C.
ATTORNEYS FOR PLAINTIFF